In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-370 CR


____________________



LISA ANN ADAMS a/k/a BRENDA LEE RICHARD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 70957






O P I N I O N


 Pursuant to a plea bargain agreement, Lisa Ann Adams, also known as Brenda Lee
Richard, pleaded guilty to the felony offense of aggravated robbery, and pursuant to the
agreement was placed on deferred adjudication probation. Subsequently, the trial court
revoked her probation, found her guilty on the charged offense and sentenced her to twelve
years' confinement in the Institutional Division of the Texas Department of Criminal
Justice.

 Adams, acting pro se, filed a general notice of appeal that fails to comply with the
requirements of the rules of appellate procedure. Tex. R. App. P. 25.2(b)(3)(A). (1) After
appeal was perfected, Adams's appellate counsel filed a brief in compliance with Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978). The brief concluded there was no arguable error
to support an appeal. Adams then filed a pro se brief disputing the facts of the aggravated
robbery case and asserting that she received ineffective assistance of counsel. 

 Rule 25.2(b)(3)(A) is a procedural requirement that must be followed in cases such
as this one in order to invoke the appellate court's jurisdiction. See White v. State, 61
S.W.3d 424, 429 (Tex. Crim. App. 2001). Adams did not follow it. We dismiss the
appeal for lack of jurisdiction.

 

 PER CURIAM


Submitted on May 3, 2002 

Opinion Delivered May 8, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.
1. Texas Rule of Appellate Procedure 25.2(b)(3) requires a notice of appeal to state
expressly that (A) the appeal is for a jurisdictional defect, (B) the substance of the appeal
was raised in writing and ruled on before trial, or (C) the trial court granted permission
to appeal. See Tex. R. App. P. 25.2(b)(3)(A)(B)(C).