Dismissed and Opinion filed May 16, 2002









Dismissed and Opinion filed May 16, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00394-CR

____________

 

CHARLES ANTHONY BIVENS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 23rd District Court 

Brazoria County, Texas

Trial
Court Cause No. 25,133

 



 

M E M O R A N D U M  O P I N I O N

After a guilty plea, appellant was convicted of two counts of
forgery.  In accordance with the terms of
a plea bargain agreement with the State, on August 16, 1993, the trial court
sentenced appellant to confinement for six years in the Institutional Division
of the Texas Department of Criminal Justice. 
No motion for new trial was filed. 
Appellant did not file his notice of appeal until April 24, 2002.  Because we have no jurisdiction over this
appeal, we dismiss.  








To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001).  A defendant=s notice of appeal must be filed
within thirty days after the sentence is imposed when the defendant has not filed
a motion for new trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of
appeal which complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If
an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
See id.  

Moreover, appellant=s general notice of appeal did not
comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus, appellant may not file an amended notice of appeal to
correct jurisdictional defects.  State v. Riewe, 13 S.W.3d 408,
413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply with
the requirements of Rule 25.2(b)(3), we are without
jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).  

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Judgment rendered and Opinion
filed May 16, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).