Dismissed and Opinion filed May 30, 2002









Dismissed and Opinion filed May 30, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00477-CR

____________

 

JOSEPH SORIA, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 174th District Court

Harris
County, Texas

Trial
Court Cause No. 682,845

 



 

M E M O R A N D U M  O P I N I O N

After a guilty plea, appellant was convicted of the offense
of aggravated sexual assault of a child and, pursuant to an agreed plea with
the State, sentenced to ten years confinement in the Texas Department of
Criminal Justice--Institutional Division on March 4, 2002.  No motion for new trial was filed.  Appellant=s notice of appeal was not filed
until May 1, 2002.








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of
appeal which complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim.
App. 1998).  If an appeal is not timely
perfected, a court of appeals does not obtain jurisdiction to address the
merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  See id.  Here, appellant was sentenced on March 4,
2002; however, his notice of appeal was not filed until May 1, 2002Bbeyond the thirty day time limit of
rule 26.2(a)(1). 
Thus, we are without jurisdiction. 


Moreover, to invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428
(Tex. Crim. App. 2001) (emphasis added). 
Appellant filed a general notice of appeal that did not comply with the
requirements of Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App.
2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness
of the plea.  See Cooper v. State,
45 S.W.2d 77, 83 (Tex. Crim. App. 2001) (holding that appellant who files
general notice of appeal may not appeal voluntariness of negotiated plea).  

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Judgment rendered and Opinion
filed May 30, 2002.

Panel consists of Justices Hudson,
Fowler, and Edelman. 

Do Not Publish ‑ Tex. R. App. P. 47.3(b).