NUMBER
13-01-534-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

STEVE GARCIA,                                                                   Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 138th District Court

                                 of Cameron County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 

Appellant, Steve Garcia, brings this appeal following the
revocation of his 
community supervision.  By
one point of error, Garcia contends the trial court abused its discretion by
revoking his community supervision.  We
dismiss this appeal for want of jurisdiction. 








 Garcia was charged with
indecency with a child, and pursuant to a plea bargain agreement, pled guilty
to the offense.  In September 1999, the
trial court deferred adjudicating appellant=s guilt and placed him on community
supervision for a period of eight years. 
In February 2001, the State filed a second motion to revoke Garcia=s community
supervision.  At the revocation hearing,
the trial court found Garcia failed to attend crime deterrent classes and pay
probation fees as ordered.  Garcia=s guilt was
adjudicated and he was sentenced to ten years incarceration at the Texas
Department of Criminal Justice.   

Because the trial court sentenced Garcia in accordance with a
plea bargain agreement, Garcia was required to comply with the additional
notice requirements of rule 25.2(b)(3).  Rule 25.2(b)(3) requires a defendant,
appealing from a plea bargained conviction, to file a notice of appeal stating
the appeal is for jurisdictional defect, from a ruling on a pre-trial motion,
or show that the trial court granted appellant permission to appeal.  TEX. R. APP. P. 25.2(b)(3); White v. State,
61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 
In this instance, Garcia filed only a general notice of appeal and,
thus, failed to allege any of the additional notice requirements of rule
25.2(b)(3).  








Furthermore, article 42.12, section 5(b) of the code of
criminal procedure provides that in a case involving deferred adjudication, no
appeal may be taken from the trial court=s decision to
proceed to an adjudication of guilt.  TEX. CODE CRIM. PROC. ANN. art. 42.12, '
5(b) (Vernon Supp. 2002); Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999).  If Garcia=s notice of
appeal does not comport with rule 25.2(b)(3), this
Court only has jurisdiction to consider issues relating to the process by which
Garcia was sentenced; or whether the original judgment deferring Garcia=s adjudication
is void.  See Nix v. State, 65
S.W.3d 664, 668 (Tex. Crim. App. 2001); Vidaurri v. State, 49
S.W.3d 880, 885 (Tex. Crim. App. 2001); see also White, 61 S.W.3d at
428.  However, Garcia has not raised any
of these issues, nor do any such errors appear in the record.  We conclude we are without jurisdiction.  White, 61 S.W.3d at
428.

Accordingly, we dismiss the appeal for want of jurisdiction.                 

 

                                                                             

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 8th day of August,
2002