In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-137 CR


____________________



DENNIS WAYNE BRUTON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 76059






O P I N I O N



 Appellant Dennis Wayne Bruton pleaded guilty, pursuant to a plea bargain, to the
first degree felony offense of burglary of a habitation, repeat felony offender. See Tex.
Pen. Code § 30.02 (Vernon Supp. 2002). In accordance with a plea agreement that the
punishment would not exceed thirty-five years imprisonment, the trial court sentenced
Bruton to thirty-five years in the Texas Department of Criminal Justice--Institutional
Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in the
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 21, 2002, Bruton
was given an extension of time in which to file a pro se brief. He filed his pro se brief,
and on appeal contends the trial court erred in denying a motion to dismiss based on the
lack of a speedy trial. 

 Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure controls the disposition
of this case. If the appeal is from a judgment rendered on the defendant's plea of guilty,
pursuant to a plea bargain, and the punishment assessed by the trial court does not exceed
the punishment recommended in the plea agreement, the defendant's notice of appeal must
specify that the appeal is for a jurisdictional defect or that the substance of the appeal was
raised by written motion and ruled on before trial, or state that the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3). Bruton's notice of appeal is a general
notice and does not serve to invoke the jurisdiction of the court. See White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001) ("If the jurisdiction of a court of appeals is not
properly invoked, the power of the appellate court to act is as absent as if it did not
exist."). There is no written motion in the clerk's record regarding a speedy trial claim;
the reporter's record reveals that any oral motion raising such a claim pertained to another
case against Bruton that the trial court heard on the same date. The general notice of
appeal does not specify that the appeal was raised by a written motion and ruled on before
trial, and does not specify any of the other matters set out in Rule 25.2(b)(3). The appeal
is dismissed for want of jurisdiction.

 APPEAL DISMISSED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on August 9, 2002

Opinion Delivered August 14, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.