NUMBER
13-02-122-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

PEDRO ROJAS,                                                                    Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 347th District Court

                                  of Nueces County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 








In February 2002, pursuant to a plea agreement, appellant,
Pedro Rojas, pled guilty to the offense of burglary of a habitation with intent
to commit theft.  The trial court
accepted appellant=s plea and, in
accordance with the plea agreement, sentenced appellant to two years in the
Institutional Division of the Texas Department of Criminal Justice.

Appellant=s counsel has
filed a brief in which he concluded this appeal is wholly frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738 (1967), as it presents a professional
evaluation of why there are no arguable grounds for advancing an appeal.  See Stafford v. State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978). 
Counsel certifies in his brief that he served appellant with a copy of
the brief and informed appellant of his right to examine the appellate record
and to file a pro se brief.  No
such brief has been filed.

Upon receiving an Anders brief, an appellate court must
conduct Aa full
examination of all proceedings to decide whether the case is wholly frivolous.@  Penson v. Ohio, 488
U.S. 75, 80 (1988).  We have
carefully reviewed the record in this appeal and, finding nothing that would
arguably support an appeal in this cause, agree that this appeal is wholly
frivolous and without merit.  See
Stafford, 813 S.W.2d at 511.








Furthermore, because the trial court sentenced appellant in
accordance with a plea bargain agreement, appellant was required to comply with
the additional notice requirements of rule 25.2(b)(3).  Rule 25.2(b)(3) requires a defendant,
appealing from a plea bargained conviction, to file a notice of appeal stating
the appeal is for a jurisdictional defect, from a ruling on a pre-trial motion,
or show that the trial court granted appellant permission to appeal.  Tex.
R. App. P. 25.2(b)(3); White v. State,
61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Appellant=s notice of
appeal did not allege any of the additional notice requirements of rule 25.2(b)(3).

We conclude we are without jurisdiction.  See Tex.
R. App. P. 25.2(b)(3); White, 61 S.W.3d
at 428.  Accordingly, we dismiss this
appeal for want of jurisdiction.

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 29th day of August,
2002.