Dismissed and Opinion filed August 29, 2002









Dismissed and Opinion filed August 29, 2002.




 
 
 
  
 
 
 




 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00825-CR

____________

 

SEDWICK DEMORE KELLY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 228th District Court

Harris
County, Texas

Trial
Court Cause No. 874,231

 



 

M E M O R A N D U M  O P I N I O N

After a guilty plea, appellant was convicted of the offense
of aggravated robbery and sentenced to forty-five years= confinement in the Texas Department
of Criminal Justice--Institutional Division on November 30, 2001.  An untimely motion for new trial was filed on
January 4, 2002.  Appellant=s notice of appeal was not filed
until April 12, 2002.








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a timely motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of
appeal which complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If
an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
See id.

Moreover, the trial court sentenced appellant in accordance
with the terms of a plea bargain agreement with the State.  To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a general notice of appeal
that did not comply with the requirements of Rule 25.2(b)(3)
of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v. Riewe, 13 S.W.3d 408,
413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).  

Accordingly, for the reasons stated above, the appeal is
ordered dismissed.

 

PER CURIAM

Judgment rendered and Opinion
filed August 29, 2002.

Panel consists of Justices Yates,
Anderson, and Frost. 

Do Not Publish ‑ Tex. R. App. P. 47.3(b).