Dismissed and Opinion filed October 24, 2002









Dismissed and Opinion filed October 24, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-001038-CR &

     
14-02-001039-CR

____________

 

TIMOTHY WAYNE STONECIPHER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 178th District Court

Harris County, Texas

Trial
Court Cause Nos. 609,882 & 609,883

 



 

M E M O R A N D U M  O
P I N I O N

Appellant pled no contest to multiple counts of aggravated
sexual assault of a child. On February 14, 1992, in accordance with a plea
agreement between appellant and the State, the trial court sentenced appellant
to twenty-eight years= confinement in the Texas Department of Criminal Justice--Institutional
Division.  No motion for new trial was
filed.  Appellant=s general notice of appeal was not
filed until September 24, 2002.








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
See id.  

Moreover, to invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428
(Tex. Crim. App. 2001) (emphasis added). 
Beyond appellant=s failure to timely file his notice of appeal, appellant=s notice did not comply with the
requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2(b)(3).  Rule
25.2(b)(3) provides that when an appeal is from a judgment rendered on a
defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v.
Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  

Accordingly, for the reasons stated above, the appeals are
ordered dismissed.

PER CURIAM

 

Judgment rendered and Opinion
filed October 24, 2002.

Panel consists of Justices Yates,
Anderson, and Frost. 

Do Not Publish ‑ Tex. R. App. P. 47.3(b).