NO. 07-02-0290-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 25, 2002



______________________________




JOHN STEVEN MCLAIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 84830; HONORABLE LARRY GIST, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant John Steven McLain appeals from his conviction for possession of a
controlled substance. We dismiss for want of jurisdiction. 

 Appellant filed a general Notice of Appeal from his plea-bargained judgment of
conviction dated May 16, 2002, in Cause No. 84830 in the Criminal District Court of
Jefferson County. Sentence was imposed on May 13, 2002. 

 In his original Notice of Appeal appellant did not allege that (1) his appeal was
based on a jurisdictional defect, (2) the substance of the appeal was raised by written
motion ruled on before trial or (3) the trial court granted permission to appeal. See Tex.
R. App. P. 25.2(b)(3). (1) On November 12, 2002, appellant filed an Amended Notice of
Appeal alleging that the trial court gave permission for the appeal. 

 A threshold question in any case is whether the court has jurisdiction over the
pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). 
Courts will address the question of jurisdiction sua sponte; for, unless a court has
jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2. 

 The Rules of Appellate Procedure do not establish jurisdiction of courts of appeals,
but, rather, the Rules provide procedures which must be followed in order to invoke
jurisdiction over a particular appeal. See White v. State, 61 S.W.3d 424, 427-28
(Tex.Crim.App. 2001). If the jurisdiction of a court of appeals is not properly invoked, the
power of the appellate court to act is as absent as if it did not exist, and the appeal will be
dismissed for lack of jurisdiction. See id. at 428, 429. 

 Appellate jurisdiction is invoked by giving timely and proper notice of appeal. See 
id. at 428. To perfect appeal from a judgment which was rendered on the defendant's plea
of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and in which
the punishment assessed did not exceed the punishment recommended by the prosecutor
and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for
a jurisdictional defect; (b) specify that the substance of the appeal was raised by written
motion and ruled on before trial; or (c) state that the trial court granted permission to
appeal. See Tex. R. App. P. 25.2(b)(3); White, 61 S.W.3d at 428. Dismissal of an issue
or the entire matter is appropriate unless the form of the notice of appeal is proper to
perfect appeal as to the issue or matter. Id. TRAP 25.2(d) does not permit an appellate
court to grant a motion to amend the notice of appeal if the amendment sought to be made
to the notice of appeal is a jurisdictional amendment. See State v. Riewe, 13 S.W.3d 408,
413-14 (Tex.Crim.App. 2000). That is, if the original notice of appeal fails to invoke
jurisdiction of the appellate court, an out-of-time amendment cannot serve to invoke
jurisdiction. Id. Once jurisdiction is lost, an appellate court lacks the power to invoke any
rule to thereafter obtain jurisdiction. Id. at 413; see TRAP 2.

 Appellant's original Notice of Appeal did not contain one of the three allegations
necessary to invoke our appellate jurisdiction over an appeal from his conviction. See
TRAP 25.2(b)(3); White, 61 S.W.3d at 428. Accordingly, our jurisdiction was not invoked
by the original Notice. The out-of-time amended Notice is ineffective to invoke our
jurisdiction. See Riewe, 13 S.W.3d at 413-14. 

 We dismiss the appeal for want of jurisdiction. 


 Phil Johnson

 Justice


Do not publish.
1. A rule of appellate procedure will be referred to as "TRAP_" hereafter.