**Alan Glenn WHITE, Appellant,**

v.

**The STATE of Texas.**

**No. 123–01.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 5, 2001.

---

Greg Westfall, Fort Worth, for Appellant.

C. James Gibson, Assistant District Attorney, Fort Worth, for State.

## *OPINION*

JOHNSON, J., delivered the unanimous opinion of the Court.

On December 21, 1999, appellant was indicted for the offense of possession with intent to deliver 4 to 200 grams of methamphetamine. In addition to the paragraph alleging the offense charged, the indictment contained paragraphs denoted "enhancement" and "habitual-offender", as well as a paragraph alleging the use of a deadly weapon. On August 17, 2000, appellant entered into a negotiated plea. In exchange for appellant's waiver of a jury trial and a plea of guilty, the state would waive all enhancement and deadly weapon allegations, and appellant would receive a sentence of twelve years in the Texas Department of Criminal Justice—institutional division. The trial court accepted the plea bargain and imposed the agreed sentence.

On September 11, 2000, appellant, *pro se*, filed in the Court of Appeals for the Second District a general notice of appeal, which did not set forth any particular grounds for appeal. The court requested that appellant file a letter brief explaining why his appeal should not be dismissed for want of jurisdiction; under Texas Rule of Appellate Procedure 25.2(b)(3)(A), a general notice of appeal may not be sufficient to invoke the jurisdiction of an appellate court following a negotiated plea. Appellant argued that a general notice of appeal is sufficient to invest the court with the jurisdiction to consider jurisdictional issues. On November 22, 2000, the court of appeals dismissed appellant's appeal for want of jurisdiction, stating that, to invoke the court's jurisdiction over an appeal from a negotiated plea, the notice of appeal must expressly specify that the appeal is for a jurisdictional defect. *White v. State,* No. 02–00–00400–CR (Tex.App.—Fort Worth, Nov. 22, 2000, pet. granted) (unpublished).

Because there is conflict among the appellate courts as to the proper interpretation of Rule 25.2(b)(3)(A), we granted appellant's petition for discretionary review. We are called upon to decide whether a general notice of appeal is sufficient to invoke the jurisdiction of the court of appeals to consider jurisdictional issues under Rule 25.2(b)(3), which states:

> But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:
>
> (A) *specify that the appeal is for a jurisdictional defect;*
>
> (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or
>
> (C) state that the trial court granted permission to appeal.

Tex.R.App. P. 25.2(b)(3) (emphasis added).

Several lower courts have interpreted Rule 25.2(b)(3)(A) as being substantially the same as former Rule 40(b)(1),[1] which was interpreted by this Court to allow a plea-bargaining defendant who failed to

1. Former Rule 40(b)(1) provided that: In order to prosecute an appeal for a non-jurisdic-

comply with the notice requirements of the rule to nevertheless challenge jurisdictional issues. *Flowers v. State*, 935 S.W.2d 131 (Tex.Crim.App.1996). These courts have held that, in light of long-standing precedent regarding an appellate court's ability to consider jurisdictional issues, a general notice of appeal filed under Rule 25.2(b)(3)(A) continues to confer jurisdiction on appellate courts to review the jurisdictional claims of a plea-bargaining defendant.[2] The correctness of these holdings is not at issue in this case.

Several other lower courts have interpreted Rule 25.2(b)(3)(A) based on its plain language and have held that a plea-bargaining defendant must specifically comply with the enumerated notice requirement. These courts have ruled that a general notice of appeal is not sufficient to invoke the jurisdiction of an appellate court following the acceptance by the trial court of an agreed plea bargain.[3] They consider the notice requirement of the rule to be a threshold requirement that must be fulfilled in order to invoke the jurisdiction of an appellate court.

 The Rules of Appellate Procedure do not establish jurisdiction of courts

---

tional defect of error that occurred prior to entry of the plea, the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised in a written motion and ruled on before trial. TEX.R.APP. P. 40(b)(1).

2. *See e.g. Martinez v. State*, 5 S.W.3d 722, 725 (Tex.App.—San Antonio 1999, no pet.) ("It is well settled that while most rights and procedural matters are subject to waiver, jurisdictional matters are not and may be raised at any time by the parties or by the court. Thus in light of the above-mentioned precedent, we are hesitant to assume that the Court of Criminal Appeals intended for Rule 25.2(b)(3)(A) to preclude application of the long-standing rule that a jurisdictional issue may be always reached. We conclude, therefore, that a general notice of appeal in cases governed by Rule 25.2(b)(3)(A) does not fail to invoke this court's jurisdiction to consider a claim of jurisdictional defect.") (Citations omitted); *Lopez v. State*, 25 S.W.3d 926, 928 (Tex. App.—Houston [1st Dist.] 2000, no pet. hist.) ("Further, we have jurisdiction to consider appellant's issues one and two, challeng[ing] the jurisdiction of the trial court."); *Vidaurri v. State*, 981 S.W.2d 478, 479 (Tex.App.— Amarillo 1998), *aff'd in part, rev'd in part*, 49 S.W.3d 880 (Tex.Crim.App.2001) ("Moreover, it is the inclusion of the [three notice requirements included in Rule 25.2(b)(3)] which vests us with jurisdiction over the appeal. Should they be omitted, we are restricted to considering only points averring jurisdictional defects or impugning the voluntariness of the initial plea.") (Citing *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996)); *Jack-*

son v. State, 2000 WL 707306, 2000 Tex.App. Lexis 3653 (Tex.App.—Beaumont 2000, no pet.) ("The general notice of appeal filed by Jackson conferred jurisdiction upon this court only to consider jurisdictional issues and the voluntariness of the plea.") (Citing *Flowers*, 935 S.W.2d 131 at 134).

3. *See e.g. Villanueva v. State*, 977 S.W.2d 693, 695 (Tex.App.—Fort Worth 1998, no pet.) ("The plain language of the new rule is clear. To invoke this court's jurisdiction over an appeal from a negotiated-guilty plea, a notice of appeal must expressly specify that the appeal is for a jurisdictional defect...."); *Hernandez v. State*, 986 S.W.2d 817, 819 (Tex. App.—Austin 1999, pet ref'd.) ("Rule 25.2(b)(3) differs from former rule 40(b)(1) with respect to jurisdictional issues. While an appellant may still raise a jurisdictional defect on appeal from a bargained plea of guilt or no contest, the notice of appeal must now specify that the appeal is for that purpose."); *Jones v. State*, 42 S.W.3d 143, 147 (Tex.App.—Amarillo 2000, no pet. hist.) ("[I]f Rule 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over the matter, compliance with Rule 25.2(b)(3) is required as to both form and substance."); *Cash v. State*, 2001 WL 1249698, 2001 Tex.App. Lexis 7038 (Tex. App.—Houston [14th Dist.] 2001, no pet. hist.) ("Noncompliance, in either form or substance, results in a failure to properly invoke the appellate court's jurisdiction over an appeal to which 25.2(b)(3) is applicable.").

of appeals, but, rather, set out procedures which must be followed in order to invoke jurisdiction over a particular appeal. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim. App.1996). If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist. *Ex Parte Caldwell*, 383 S.W.2d 587, 589 (Tex.Crim.App.1964). Appellate jurisdiction is invoked by giving timely and proper notice of appeal. *State v. Riewe*, 13 S.W.3d 408, 413–14 (Tex.Crim. App.2000). Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. *Lyon v. State*, 872 S.W.2d 732, 736–37 (Tex.Crim.App.1994).

In promulgating the 1997 Rules of Appellate Procedure, this Court did not eliminate the right of an appellant to challenge the trial court's jurisdiction over a case where an agreed plea was entered; it merely altered the method used to invoke the jurisdiction of an appellate court over such a claim. Although Rule 25.2(b)(3)(A) covers the same subject matter as former Rule 40(b)(1), the language and format have been revised. If an appellant may still raise a jurisdictional defect on appeal from a bargained plea of guilty or no contest, Rule 25.2(b)(3)(A) states that the notice of appeal must now specify that the appeal is for that purpose.

 This Court has held that courts are required to construe a statute in accordance with the plain meaning of its literal text unless the language of the statute is ambiguous or the plain meaning leads to an absurd result. *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App.1991). *Boykin*'s strictures do not apply to rules created by this Court. *Henderson v. State* 962 S.W.2d 544, 552 (Tex.Crim.App.1997) (cit-

ing *Ludwig v. State*, 931 S.W.2d 239, 241 (Tex.Crim.App.1996)). Nevertheless, the common-sense approach of *Boykin* is instructive here. The plain language is a good place to begin, although we may also consider extratextual factors. *See e.g. Ludwig*, 931 S.W.2d at 241.

Rule 25.2(b)(3)(A) states that a notice of appeal must "specify that the appeal is for a jurisdictional defect. . . ." This language provides a clear exposition and gives very specific instructions for the type of notice required when filing an appeal governed by the rule. Appellant proposes, as an important countervailing consideration, that the specific notice requirements of Rule 25.2(b)(3) are tantamount to a waiver of jurisdictional error, which violates this Court's rule-making authority under TEX. GOV'T CODE ANN. § 22.108(a).[4] Appellant claims that the jurisdictional complaints of an appellant who fails to file the correct notice of appeal will not be considered, with the practical effect being that that appellant has waived his right to appeal a jurisdictional defect.

Appellant fails to recognize the difference between failure to invoke the jurisdiction of an appellate court and waiver of a jurisdictional error. Every jurisdictional claim requires an appellant to take some affirmative action in order to conform to the requirements of the Rules of Appellate Procedure. For example, TEX.R.APP. P. 26.2 sets out appellate deadlines, and an appellant who does not file a notice of appeal within those deadlines may not present his jurisdictional claim to the court of appeals. TEX.R.APP. P. 25.2(a) requires that a notice of appeal be timely filed. TEX.R.APP. P. 25.2(b)(1) states that a notice must be in writing and filed with the clerk of the trial court. Finally, a notice of

---

4. TEX. GOV'T CODE ANN. § 22.108(a) says that rules promulgated by this Court cannot

"abridge . . . the substantive rights of a litigant."

appeal must show the party's desire to appeal from the judgment and must comply with the notice requirements of the Code of Criminal Procedure Art. 44.01. Tex.R.App. P. 25.2(b)(2). Failure to meet any .of these requirements fails to invoke the jurisdiction of the appellate court.

 Procedural rules provide a framework within which to appeal errors that occurred in the trial court, including errors in jurisdiction. Failure to follow these rules does not result in a waiver of jurisdiction; it merely does not properly invoke the jurisdiction of an appellate court. We see no reason why the notice requirements of Rule 25.2(b)(3)(A) should be viewed any differently than the requirements of the other Rules of Appellate Procedure. What an appellant must put into a notice of appeal under Rule 25.2(b)(3)(A) is a purely procedural question, leaving his substantive right to appeal jurisdictional errors unaffected.

 Failure to properly invoke the jurisdiction of an appellate court under Rule 25.2(b)(3)(A) does not waive a claim of jurisdictional error. A plea-bargaining defendant can challenge the trial court's jurisdiction in an application for writ of habeas corpus. *See Ex Parte Lockett,* 956 S.W.2d 41, 42 (Tex.Crim.App.1997).[5] Not only does Rule 25.2(b)(3)(A) not abridge an appellant's right to appeal a jurisdictional defect on direct appeal, failure to comply with the Rule's requirements does not affect an appellant's right to bring a jurisdictional claim in a post-conviction writ of habeas corpus.

 We hold that the notice requirements set forth in Rule 25.2(b)(3)(A) should be interpreted according to their plain meaning. Requiring that an appellant specify that an appeal is for a jurisdictional defect in no way affects his substantive right to challenge on appeal the jurisdiction of the trial court over his plea bargain. Rule 25.2(b)(3)(A) is simply a procedural requirement that must be followed to properly invoke an appellate courts' jurisdiction and is no different than any other procedural requirement that must be followed when perfecting an appeal.

Because appellant failed to meet the requirements of Rule 25.2(b)(3)(A), the jurisdiction of the court of appeals was not properly invoked, and the court of appeals' dismissal of appellant's appeal was proper. The decision of the court of appeals is affirmed.

---

5. *See also Stine v. State,* 908 S.W.2d 429, 434 (Tex.Crim.App.1995) (Meyers, J., concurring) "The writ of habeas corpus, for example, is available to set aside a criminal conviction on the basis of any jurisdictional defect in the proceedings which led to it, no matter how remote in time."