NO. 07-02-0046-CR
NO. 07-02-0047-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 7, 2002

_____


GREGORY LYNN FRANKLIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 42,935-A & 31,402-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following his plea of not guilty, appellant Gregory Lynn Franklin was convicted by a jury of delivery of a controlled substance in cause number 42,934-A. The record in cause number 42,934-A reflects that appellant negotiated a plea bargain for punishment of 25 years confinement in exchange for his agreement to plead guilty to delivery of a controlled substance in cause number 42,935-A and burglary of a habitation in cause

number 31,402-A, each carrying sentences of eight years. Upon receipt of the plea agreement, the trial court informed appellant of his right to appeal his conviction in cause number 42,934-A; however, in accepting appellant's guilty pleas in the remaining two causes, the trial court admonished appellant and explained that he would not have a right of appeal. Notwithstanding the trial court's announcement that he would not have the right to appeal, appellant filed general notices of appeal from his plea-bargained convictions in cause numbers 42,935-A and 31,402-A. By the notices he asserted he could not perfect an appeal pursuant to Rule 25.2(b)(3)(A) and (B) of the Texas Rules of Appellate Procedure for jurisdictional defects or by written motions ruled on before trial. Instead, he requested that the trial court grant him permission to appeal pursuant to Rule 2.52(b)(3)(C). We dismiss the purported appeals for want of jurisdiction.

Appellate jurisdiction is invoked by filing a timely and proper notice of appeal. *See* State v. Riewe, 13 S.W3d 408, 410 (Tex.Cr.App. 2000). To perfect an appeal from a judgment that was rendered on a defendant's guilty plea and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3); *see also* White v. State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001) (holding that the notice requirements set forth in Rule 25.2(b)(3) should be interpreted according

2

to their plain meaning and that failing to meet the requirements fails to invoke the jurisdiction of an appellate court).

Appellant's notices of appeal do not contain any of the requirements set forth in Rule 25.2(b)(3) necessary to invoke this Court's jurisdiction over his convictions. Thus, our jurisdiction has not been invoked and the appeals are dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.