In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-236 CR


____________________



CLAYTON DURISSEAUX, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court No. 77704






O P I N I O N



 Pursuant to a plea bargain, appellant Clayton Durisseaux pleaded guilty to the
offense of assault upon a public servant, repeat offender. At the original plea hearing, the
trial judge admonished appellant according to the requirements of Article 26.13 of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon
1989 & Supp. 2002). Immediately thereafter, the trial judge followed the terms of the plea
bargain, deferred the adjudication of appellant's guilt, and placed him on community
supervision for five years. Some five months later, the State filed a motion to revoke the
community supervision. At the revocation hearing, the trial court adjudicated appellant's
guilt and sentenced him to ten years' confinement in the Texas Department of Criminal
Justice - Institutional Division. No presentence investigation report was ordered by the
trial court at the original plea or at the revocation hearing. In a single issue, Durisseaux
contends on appeal that the trial court erred in failing to order, or have prepared, a
presentence investigation report. Because the issue pinpoints the alleged error as having
occurred prior to the trial court's placement of Durisseaux on community supervision, we
understand his complaint to reference the original plea hearing. 

 We first consider whether this court has jurisdiction over Durisseaux's appeal. 
"Appellate jurisdiction is invoked by giving timely and proper notice of appeal." White
v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001) (citing State v. Riewe, 13 S.W.3d
408 (Tex. Crim. App. 2000)). "Proper notice" is governed by the Texas Rules of
Appellate Procedure. Rule 25.2(b)(3) provides that if the defendant pleads guilty pursuant
to a plea bargain and the trial court follows the plea agreement, the appellant's notice of
appeal must state that (a) the appeal is for a jurisdictional defect (b) the substance of the
appeal was raised by written motion and ruled on before trial, or (c) the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3). The rules further provide that the
notice of appeal must be filed within thirty (30) days after the day sentence is imposed or
suspended in open court, or after the day the trial court enters an appealable order. Tex.
R. App. P. 26.2(a)(1). 

 On October 24, 2000, the trial court deferred the adjudication of Durisseaux's guilt
and placed him on community supervision for five years. Durisseaux did not appeal from
that order. The adjudication of his guilt occurred on April 27, 2001. The general notice
of appeal, filed on May 22, 2001, does not meet the requirements of Rule 25.2(b)(3) and
does not serve to invoke our jurisdiction. In December 2001, some eight months after the
adjudication of guilt, Durisseaux filed an amended notice of appeal. Rule 25.2(d) provides
that an "amended notice . . . may be filed in the appellate court at any time before the
appellant's brief is filed." Tex. R. App. P. 25.2(d). The amended notice of appeal bears
a file stamp with the same date as appellant's brief and states, in part, that Durisseaux
"desires to appeal all [j]urisdictional defects . . . ." Under the Court of Criminal Appeals'
holding in Riewe, any amendments to the notice of appeal cannot be jurisdictional
amendments. 13 S.W.3d at 413-14. "[O]nce jurisdiction is lost, the court of appeals lacks
the power to invoke any rule to thereafter obtain jurisdiction." Id. at 413 (footnote
omitted). Under Rule 25.2(b)(3), appellant has not properly invoked this court's
jurisdiction.



 APPEAL DISMISSED. 

 ________________________________

 David B. Gaultney

 Justice


Submitted on May 20, 2002

Opinion Delivered May 29, 2002

Do Not Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.