Dismissed and Opinion filed July 18, 2002













Dismissed and
Opinion filed July 18, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-00624-CR &

      14-02-00625-CR

____________

 

JEFFERY SCOTT MURDOCK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________________

 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause Nos. 888,719 &
880,794

 

_______________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant
pled guilty to the offenses of indecency with a child and possession of child
pornography on May 10,
 2002.  In accordance with
the terms of a plea bargain agreement with the State, the trial court sentenced
appellant to ten years confinement in the Texas Department of Criminal
Justice--Institutional Division for each offense, sentences to run
concurrently.  Because we have no
jurisdiction over this appeal, we dismiss. 


            To
invoke an appellate court’s jurisdiction over an appeal, an appellant must give
timely and proper notice of appeal.  White v. State, 61 S.W.3d
424, 428 (Tex. Crim. App. 








2001).  Appellant filed a general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant’s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v. Riewe,
13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  Because appellant’s notice of appeal did not
comply with the requirements of Rule 25.2(b)(3), we
are without jurisdiction to consider any of appellant’s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d
77, 83 (Tex. Crim. App. 2001) (holding that appellant
who files general notice of appeal may not appeal voluntariness
of negotiated plea).  

            Accordingly,
we dismiss the appeal for want of jurisdiction. 


 

 

                                                                                    PER
CURIAM

 

Judgment
rendered and Opinion filed July 18, 2002.

Panel consists
of Justices Hudson, Fowler, and Edelman. 

Do Not Publish —
Tex. R. App. P. 47.3(b).