Dismissed and Opinion filed August 8, 2002









Dismissed and Opinion filed August 8, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-00713-CR;

        
14-02-00714-CR

____________

 

JAMES OLIVER SINGLETON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
23rd District Court

Brazoria County, Texas

Trial Court Cause
Nos. 41,562 & 41,563

 



 

M E M O R
A N D U M   O P I N I O N








Under
each cause number, appellant pled guilty to the offense of possession of a
controlled substance with intent to deliver. 
In accordance with the terms of a plea bargain agreement with the State,
the trial court sentenced appellant in cause number 41,562 on June 12, 2002, to
confinement for twenty-five years in the Texas Department of Criminal Justice,
Institutional Division.  Also on June 12,
2002, the trial court sentenced appellant in cause number 41,563, in accordance
with the terms of a plea bargain agreement with the State, to confinement for
ten years in the Texas Department of Criminal Justice, Institutional
Division.  Because we have no
jurisdiction over these appeals, we dismiss. 


To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428 (Tex. Crim.
App. 2001).  Appellant filed a
timely general notice of appeal in each cause that did not comply with the
requirements of Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v. Riewe, 13 S.W.3d 408,
413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).  

Accordingly,
we dismiss these appeals for want of jurisdiction.  

 

 

 

PER CURIAM

 

Judgment rendered and Opinion filed August 8, 2002.

Panel consists of Justices Anderson, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).