COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

JUAN GALVAN,                                                 )                    No. 
08-02-00180-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      409th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                     (TC# 20010D05123)

 

O
P I N I O N

 

Appellant,
pro se, appeals from his convictions for aggravated assault with a deadly
weapon and violation of a protective order, enhanced.  We dismiss the appeal for want of
jurisdiction.

                                                          FACTUAL
SUMMARY

Appellant,
represented by retained counsel, entered negotiated pleas of guilty to
aggravated assault with a deadly weapon (Count 1), and violation of a
protective order, enhanced by a prior conviction for violation of a protective
order (Count 2).  The trial court
assessed punishment in accordance with the plea bargain at imprisonment for a
term of twelve years for Count 1 and imprisonment for a term of ten years for
Count 2.  Appellant, acting pro se,
timely filed a general notice of appeal. 
The trial court, by a written order, denied Appellant permission to
appeal.  








In
response to correspondence by Appellant, this Court notified him that our
records reflected that he is represented on appeal by his trial counsel,
Angelina Lugo.  Ms. Lugo immediately
filed a motion to withdraw, alleging that she had never been retained to
represent Appellant on appeal.  On June
18, 2002, this Court ordered the trial court to conduct a hearing to determine
whether Appellant has retained new counsel or is entitled to appointment of
counsel.  The trial court conducted a
hearing and found that Appellant is not indigent and has not retained new
counsel.  The court further recommended
that the appeal be dismissed in light of the order denying Appellant permission
to appeal.  On July 26, 2002, we granted
Ms. Lugo=s motion
to withdraw.  Further, we requested that
Appellant file a letter brief explaining why his appeal should not be dismissed
for want of jurisdiction.  Appellant
filed a reply on August 8, 2002, stating that his guilty plea was involuntary.

JURISDICTION

Appellant
seeks to appeal from a judgment rendered on his guilty plea to two felony
counts where the punishment assessed did not exceed the punishment recommended
by the prosecutor and agreed to by the defendant.  Consequently, his notice of appeal must
satisfy the extra-notice requirements of Tex.R.App.P.
25.2(b)(3) in order to invoke this Court=s
jurisdiction.  Appellant, however, has
filed only a general notice of appeal. 
Therefore, Appellant is unable to raise a challenge to any
jurisdictional defect.  White v. State,
61 S.W.3d 424 (Tex.Crim.App. 2001); Tex.R.App.P.
25.2(b)(3)(A).  Likewise, he is not
allowed to challenge the trial court=s
rulings on any pretrial motions.  Tex.R.App.P. 25.2(b)(3)(B).  Further, the voluntariness of his guilty plea
may not be raised on direct appeal from a felony conviction but must be raised
in a habeas corpus proceeding.  Cooper
v. State, 45 S.W.3d 77, 83 (Tex.Crim.App. 2001).  Given that the trial court has denied
Appellant permission to appeal, he is precluded from raising other claims which
under other circumstances might be appealable. 
For these reasons, we hereby dismiss the appeal for want of
jurisdiction.








 

September 12, 2002

                                                                        


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)