Dismissed and Opinion filed October 17, 2002









Dismissed and Opinion filed October 17, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00476-CR

____________

 

JASDEEP SINGH BASRA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
262nd District Court

Harris County,
Texas

Trial Court Cause
No. 864,830

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
pled guilty to the offense of capital murder on April 18, 2002.  In accordance with the terms of a plea
bargain agreement with the State, the trial court sentenced appellant to
confinement in the Texas Department of Criminal Justice, Institutional Division
for life.  The original notice of appeal
was filed May 8, 2002.  Because we have
no jurisdiction over this appeal, we dismiss. 









To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a timely general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.
  On June 18, 2002, this court notified
appellant=s counsel of the jurisdictional
problem.  On June 28, 2002, appellant=s counsel filed an amended notice of
appeal, raising the three requirements of Rule 25.2(b)(3).  On October 2, 2002, the State filed a motion
to dismiss.  We grant the State=s motion.

Because
appellant=s original notice of appeal did not
comply with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  Furthermore, we did not retroactively acquire
jurisdiction when appellant filed the amended notice of appeal.  State v. Riewe, 13 S.W.3d 408, 413-14
(Tex. Crim. App. 2000).  Once the time
period for filing the notice of appeal has passed, a defendant may not amend
his notice of appeal to attempt to retroactively confer jurisdiction upon the
appellate court.  Id. at 413.  Once jurisdiction was lost, it was lost
forever.  Id.  

Accordingly,
we grant the State=s motion and dismiss the appeal for want of
jurisdiction.  

PER CURIAM

 

 

Judgment rendered and Opinion filed October 17, 2002.

Panel consists of Justices Edelman, Seymore, and
Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).