Dismissed and Opinion filed December 5, 2002









Dismissed and Opinion filed December 5, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01090-CR

____________

 

MARIO LEGEORGE WHITE, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 185th District Court

Harris County, Texas

Trial
Court Cause No. 901,822

 



 

M
E M O R A N D U M   O P I N I O N

Appellant entered a plea of  guilty to possession of between one
and four grams of cocaine.  In accordance
with the terms of a plea bargain agreement with the State, on September 23,
2002, the trial court sentenced appellant to confinement for fifteen years in
the Institutional Division of the Texas Department of Criminal Justice.  Because we have no jurisdiction over this
appeal, we dismiss.  








To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Appellant filed a timely general notice of appeal that did not comply
with the requirements of Rule 25.2(b)(3) of the Texas
Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus, appellant may not file an amended notice of appeal to
correct jurisdictional defects.  State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App.
2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness
of the plea.  See Cooper v. State,
45 S.W.2d 77, 83 (Tex. Crim. App. 2001) (holding that appellant who files
general notice of appeal may not appeal voluntariness of negotiated plea).  

Accordingly, we dismiss the appeal for want of
jurisdiction.  

 

PER CURIAM

 

Judgment rendered and Opinion
filed December 5, 2002.

Panel consists of Chief Justice
Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.3(b).