Dismissed and Opinion filed December 5, 2002









Dismissed and Opinion filed December 5, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01185-CR

____________

 

KARL BERNARD DAVENPORT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 177th District Court

Harris County, Texas

Trial
Court Cause No. 925,647

 



 

M
E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to deliver of less than
one gram of cocaine.  In accordance with
the terms of a plea bargain agreement with the State, on September 30, 2002,
the trial court sentenced appellant to confinement for six months in a state
jail facility.  Because we have no
jurisdiction over this appeal, we dismiss. 









To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a timely general notice of appeal
that did not comply with the requirements of Rule 25.2(b)(3)
of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus, appellant may not file an amended notice of appeal to
correct jurisdictional defects.  State v. Riewe, 13 S.W.3d 408,
413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).  

Accordingly, we dismiss the appeal for want of
jurisdiction.  

 

PER CURIAM

 

Judgment rendered and Opinion
filed December 5, 2002.

Panel consists of Justices Yates,
Anderson, and Frost.

Do Not Publish C Tex. R. App. P. 47.3(b).