Tammy Alexander v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-299-CR

     TAMMY ALEXANDER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2002-164-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Tammy Alexander pleaded guilty to three counts of injury to a child. Pursuant to the State’s
plea recommendation, the court assessed Alexander’s punishment at ten years’ imprisonment,
suspended imposition of sentence, and placed her on community supervision for ten years.
      Alexander filed a general notice of appeal. To properly invoke the jurisdiction of this Court
over an appeal from a negotiated guilty plea, an appellant must file a notice of appeal which
complies with Rule of Appellate Procedure 25.2(b)(3). White v. State, 61 S.W.3d 424, 429 (Tex.
Crim. App. 2001); Tex. R. App. P. 25.2(b)(3). Alexander’s general notice of appeal does not. 
Accordingly, we dismiss Alexander’s appeal for want of jurisdiction.
 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed December 11, 2002
Do not publish
[CR25]



t, the required
pretest screening for factors other than alcohol that potentially contribute to nystagmus, such as
other drugs, nerve disorders or brain damage.
      Officer Martinez testified that he is certified to perform the test from the State, from Fort
Worth and the [DWI] school. More specifically, he testified he was certified by the State in 1990;
and he attended another DWI class in 1993 or 1994, from which he obtained further certification. 
Officer Martinez's testimony that he was certified by the State is uncontradicted. The officer
described how he administered the HGN test. He inquired whether Appellant had any eye
problems before conducting the test. He tested Appellant without light in his eyes and he tested
each eye twice. He knew how to conduct the HGN properly, having tested some 100 subjects,
and he administered the field sobriety tests in the same manner every time he used them. 
      Emerson v. State, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994) sets the standard for the
admission of testimony concerning HGN test evidence:
For testimony concerning a defendant's performance on the HGN test to be admissible,
it must be shown that the witness testifying is qualified as an expert on the HGN test,
specifically concerning its administration and technique. In the case of a police officer,
this requirement will be satisfied by proof that the officer has received practitioner
certification by the State of Texas to administer the HGN. A witness qualified as an
expert on the administration and technique of the HGN test may testify concerning a
defendant's performance on the HGN test, but may not correlate the defendant's
performance to a precise blood alcohol content.

      In this case the trial court properly admitted the HGN test and Appellant's test results. 
Officer Martinez was certified by the State, and he followed the proper procedures he had learned
in order to obtain certification. He screened out other factors affecting the HGN test.
      Appellant point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 2, 1998
Do not publish