Dismissed and Opinion filed January 9, 2003













Dismissed and
Opinion filed January 9, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-01323-CR &

      14-02-01324-CR

____________

 

RAUL SUAREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________________________

 

On Appeal from
the 351st District Court

Harris County, Texas

Trial Court
Cause Nos. 862,974 & 862,975

 

_______________________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant pled guilty to two counts
of aggravated sexual assault of a child on March 14, 2001. 
In accordance with the terms of a plea bargain agreement with the State,
the trial court sentenced appellant to eighteen years’ confinement in the Texas
Department of Criminal Justice–Institutional Division.  Because we have no jurisdiction over this
appeal, we dismiss.  




 








            To invoke an appellate court’s
jurisdiction over an appeal, an appellant must give timely and proper notice of
appeal.  White v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Appellant filed a timely general notice of appeal that did not comply
with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant’s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  Because appellant’s notice of appeal did not
comply with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant’s issues, including the voluntariness
of the plea.  See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).[1]  

            Accordingly, we dismiss the appeal
for want of jurisdiction.  

 

                                                                                    PER
CURIAM

 

Judgment rendered and
Opinion filed January 9, 2003.

Panel consists of Justices
Yates, Anderson, and Frost. 

Do Not Publish – Tex. R. App. P. 47.2(b).

 

 











            [1]  The
notice of appeal in this case was filed prior to any amendments to the Texas
Rules of Appellate Procedure.