Opinion issued February 7, 2003 















  






In The
Court of Appeals
For The
First District of Texas




NOS. 01-00-01336-CR 
         01-00-01337-CR




JOEL MUNGUIA, Appellant

V.

STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause Nos. 782815 and 782816




O P I N I O N

          Appellant, Joel Munguia, was charged in two indictments with two separate 
aggravated assaults. Each indictment contained two enhancement paragraphs
alleging that appellant had two prior felony convictions. After the State presented its
case against appellant, he entered into a plea agreement with the State, pled guilty to
both offenses, and pled true to both enhancements. The trial court followed the terms
of the plea agreement in assessing punishment at 25 years’ confinement with an
affirmative finding of the use of a deadly weapon in each case, to run concurrently. 
Appellant filed a timely notice of appeal. We dismiss the appeal for lack of
jurisdiction.
          In five issues, appellant complains of trial court error, insufficiency of the
evidence, ineffectiveness of counsel, and lack of counsel during the time in which to
file a motion for new trial. The State contends we lack jurisdiction because appellant
failed to file a notice of appeal complying with Texas Rules of Appellate Procedure
25.2(b)(3).


 We agree with the State. 
          Appellant filed a notice of appeal that did not comply with the requirements of
Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure in that it did not state that
the appeal was for a jurisdictional defect, that the substance of the appeal was raised
by written motion and ruled on before trial, or that the trial court granted permission
to appeal. See Tex. R. App. P. 25.2(b)(3). Appellant did not at any time file an
amended notice of appeal complying with Rule 25.2(b)(3), nor did he request leave
of this Court to file an amended notice of appeal pursuant to Tex. R. App. P. 25.2(d). 
See Bayless v. State, No. 56-01, slip op. at 8 (Tex. Crim. App. Dec. 18, 2002).
          The Court of Criminal Appeals has held that in felony cases, such as the
present one, in which (1) the defendant entered a plea of guilty or no contest based
on a plea bargain agreement; (2) the trial court followed the agreement in assessing
punishment; and (3) the notice of appeal does not comply with Rule 25.2(b)(3), an
appellate court is without jurisdiction to consider the appeal. See White v. State, 61
S.W.3d 424, 429 (Tex. Crim. App. 2001); Cooper v. State, 45 S.W.3d 77, 83 (Tex.
Crim. App. 2001).
          Accordingly, we dismiss the appeal for lack of jurisdiction.
 
 

                                                                        Margaret Garner Mirabal



                                                                        Justice
 
Panel consists of Justices Hedges, Jennings, and Mirabal.
Do not publish. Tex. R. App. P. 47.2 (b).