NO. 12-01-00319-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


GLEN HOUSTON PARSONS, JR.,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION
 

 Appellant Glen Houston Parsons, Jr. pleaded guilty to the second degree felony offense of
sexual assault of a child pursuant to his agreement with the State that it would recommend five years
of deferred adjudication supervision in exchange for Appellant's guilty plea. The trial court placed
Appellant on deferred adjudication, with conditions, for five years. Appellant now complains that
the trial court erred when it assessed additional punishment of sixty days in jail and when it failed
to admonish Appellant about the sex offender registration. We dismiss for lack of jurisdiction. 

 To invoke an appellate court's jurisdiction over an appeal, the appellant must give timely and
proper notice of appeal. White v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001). If an appellate
court's jurisdiction is not properly invoked, that court's power to act is "as absent as if it did not
exist." Id. Accordingly, dismissal of an issue, or the entire matter, is appropriate if the form of the
notice of appeal is improper. Id.

 A defendant who pleads guilty and is placed on deferred adjudication probation after the trial
court assesses punishment which does not exceed the punishment recommended by the prosecutor (1)
must comply with the provisions of Rule 25.2(b)(3) of the Rules of Appellate Procedure. Vidaurri
v. State, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001). Rule 25.2(b)(3) requires such a defendant
in his notice of appeal to 1) specify that the appeal is for a jurisdictional defect; 2) specify that the
substance of the appeal was raised by written motion and ruled on before trial; or 3) state that the
trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). The failure of an appellant to
follow Rule 25.2(b)(3) deprives an appellate court of jurisdiction over the appeal. See White, 61
S.W.3d at 428-29.

 In this case, Appellant pleaded guilty to the second degree felony of sexual assault of a child.
The trial court followed the prosecutor's recommendation and placed Appellant on deferred
adjudication for five years. Appellant filed a timely motion for new trial and a general notice of
appeal. The notice does not specify that the appeal is for a jurisdictional defect, that it concerns a
ruling on a pre-trial motion, or that Appellant received the trial court's permission to appeal.
Consequently, this court has no jurisdiction to review Appellant's complaints that the trial court
failed to follow the plea agreement or that the trial court failed to admonish Appellant concerning
the sex offender registration program. 

 Accordingly, we dismiss for lack of jurisdiction. 

 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.



(DO NOT PUBLISH)


1. According to the reporter's record, the prosecutor recommended, and the defendant agreed to, deferred
adjudication supervision for five years. As a condition of deferred adjudication supervision, the trial court imposed
sixty days of incarceration in the Smith County jail. Appellant is now arguing that when the trial court ordered 


Footnote continued. 


incarceration, it assessed punishment exceeding that recommended by the State. We disagree. According to Article
42.12, Section 5 of the Code of Criminal Procedure, the trial court has the discretion to require any reasonable
condition of community supervision, including confinement. Tex. Code Crim. Proc. Ann. 42.12 § 5(a) (Vernon
Supp. 2003). Also, the period of confinement is limited, in this particular case, to 180 days, which the trial court
does not exceed. Tex. Code Crim. Proc. Ann. 42.12 § 12(a) (Vernon Supp. 2003). Therefore, the trial court's
order does not constitute an assessment of punishment, but rather a discretionary condition of deferred adjudication. 
We analyze this issue because if, in fact, the trial court had assessed punishment greater than that recommended by
the prosecutor, Appellant would be exempt from the requirements of Rule 25.2(b)(3).