In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-040 CR


____________________



SHANE LEE TEEL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 78934






MEMORANDUM OPINION (1)



 Shane Lee Teel entered a guilty plea to theft from a person. A plea bargain
agreement between Teel and the State provided for deferred adjudication. Following the
agreement, the trial court deferred adjudication of guilt and placed Teel on community
supervision. In subsequent proceedings, the trial court proceeded with adjudication of guilt
and sentenced Teel to two years of confinement in the Texas Department of Criminal
Justice, State Jail Division. Teel filed a pro se notice of appeal on January 2, 2003. 

 The trial court entered a certification of the defendant's right to appeal in which the
court certified that this is a plea-bargain case, and the defendant has no right of appeal. 
See Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on
appeal. On January 15, 2003, we notified the parties that the appeal would be dismissed
unless an amended certification was filed within thirty days of the date of the notice and
made a part of the appellate record by February 14, 2003. See Tex. R. App. P. 37.1. The
appellant received an extension of time in which to obtain an amended certification from
the trial court. Although the appellant filed a motion with the trial court, the motion has
not been granted and the record has not been supplemented with an amended certification.

 On March 17, 2003, the appellant filed a "Motion to Maintain Case on Appeal."
The State did not respond to the motion. The appellant urges that his case may involve
legally cognizable issues and that he will be deprived of due process if Rule of Appellate
Procedure 25.2 is applied to him. He cites no authority in support of his bare assertion
of denial of due process. As the Court of Criminal Appeals noted in a case decided under
the 1997 Rules of Appellate Procedure, "[t]he Rules of Appellate Procedure do not
establish jurisdiction of courts of appeals, but, rather, set out procedures which must be
followed in order to invoke jurisdiction over a particular appeal." White v. State, 61
S.W.3d 424, 427-28 (Tex. Crim. App. 2001). Similarly, in promulgating the 2003 Rules
of Appellate Procedure, the Court of Criminal Appeals did not eliminate the right of an
appellant to challenge legally cognizable issues; "it merely altered the method used to
invoke the jurisdiction of an appellate court over such a claim." Id. at 428. If, due to error
by the trial court, the appellant is prevented from presenting those issues on appeal, he
may obtain relief through the procedures established when an adequate remedy by appeal
is not available. See, e.g., Tex. R. App. P. 52; Tex. Code Crim. Proc. Ann. arts. 11.01
et. seq. (Vernon 1977 & Supp. 2003). The appellant presents insufficient justification for
shredding the 2003 Rules of Appellate Procedure before the ink on the paper dries. The
appellant's "Motion to Maintain Case on Appeal" is denied.

 Because a certification that shows the defendant has the right of appeal has not been
made part of the record, the appeal must be dismissed. See Tex. R. App. P. 25.2(d). 

 Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM

Opinion Delivered April 10, 2003

Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.

1. Tex. R. App. P. 47.4.