Dismissed and Opinion filed May 8, 2003









Dismissed and Opinion filed May 8, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00015-CR

____________

 

RAYMOND ANTHONY SEYMOUR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 232nd District Court

Harris County, Texas

Trial
Court Cause No. 911,509

 



 

M
E M O R A N D U M   O P I N I O N

Appellant entered a plea of nolo contendere to possession of marijuana on December 13,
2002.  In accordance with the terms of a
plea bargain agreement with the State, the trial court sentenced appellant to
eleven months in the Harris County Jail. 
Because we have no jurisdiction over this appeal, we dismiss.  








To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428
(Tex. Crim. App. 2001).  Appellant filed a timely general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness
of the plea.  See Cooper v. State,
45 S.W.2d 77, 83 (Tex. Crim. App. 2001) (holding that
appellant who files general notice of appeal may not appeal voluntariness
of negotiated plea).[1]  

Accordingly, we dismiss the appeal for want of
jurisdiction.  

 

 

 

PER CURIAM

 

 

 

Judgment rendered and Opinion
filed May 8, 2003.

Panel consists of Justices Yates,
Hudson and Frost.

Do Not Publish C Tex. R. App.
P. 47.2(b).

 











[1]  The notice of appeal in this case was filed prior to
the amendments to the Texas Rules of Appellate Procedure effective January 1,
2003.