In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-480 CR


____________________



DENNIS MOUTON III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 80511






MEMORANDUM OPINION


 Appellant was indicted for committing the state jail offense of Endangering a Child. 
See Tex. Pen. Code Ann. § 22.041(c), (f) (Vernon 2003). Pursuant to a written plea bargain
agreement, appellant was placed on three years unadjudicated community supervision. 
During the plea proceedings, appellant was admonished, both in writing and verbally, by the
trial court in substantial compliance with Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon
Supp. 2004).

 On September 17, 2002, the State filed a motion to adjudicate appellant's community
supervision alleging four violations of the community supervision order. On September 20,
2002, immediately following the sentencing phase of the jury trial of appellant for the felony
offense of Aggravated Assault of a Peace Officer, the first violation of community
supervision alleged in the motion to adjudicate, the trial court conducted the hearing on the
State's motion to adjudicate. The trial court proceeded to adjudicate appellant guilty for the
offense of Endangering a Child, and sentenced him to confinement in the state jail facility
for a term of two years. 

 Appellant presents us with a single appellate issue complaining that the trial court
committed reversible error by failing to allow "mandatory" ten-day preparation time between
the filing of the motion to adjudicate, and the hearing to adjudicate, citing Tex. Code Crim.
Proc. Ann. art. 1.051(e) (Vernon Supp. 2004). The State does not dispute that less than ten
days elapsed between the filing of the motion to adjudicate and the day of the hearing. The
State argues art. 1.051(e) was not violated because it applies to appointed counsel.

 We do not reach the issue presented as we are without jurisdiction to entertain this
appeal. Appellant's notice of appeal failed to invoke our appellate jurisdiction to review the
issue relating to his conviction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App.
2001). (1) Although a general notice of appeal invokes our jurisdiction to consider issues
relating to the process by which appellant was punished, no error relating to punishment was
preserved. Vidaurri v. State, 49 S.W.3d 880, 883, 885 (Tex. Crim. App. 2001). Because
appellant failed to meet the requirement of former-Rule 25.2(b)(3), the jurisdiction of this
court has not been properly invoked. We therefore dismiss the instant appeal for want of
appellate jurisdiction. 

 APPEAL DISMISSED.

 PER CURIAM

 

Submitted on February 20, 2004

Opinion Delivered March 3, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.







 
1. For appeals commenced before January 1, 2003, in a plea-bargained, felony case, the
notice of appeal must specify that the appeal is for a jurisdictional defect, specify that the
substance of the appeal was raised by written motion and ruled on before trial, or state the
trial court granted permission to appeal. Tex. R. App. P. 25.2 (b)(3).