COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-464-CR
  
  
LANNY 
GENE BEVERS, JR.                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Lanny Gene Bevers, Jr. appeals from the denial of his motion for DNA 
testing.  The trial court entered its order denying his motion for DNA 
testing on February 11, 2003.  Therefore, Bevers’s notice of appeal was 
due on March 13, 2003.  See Tex. 
R. App. P. 26.2(a)(1).  On September 15, 2004, Bevers filed an 
out-of-time motion to extend the time to file a notice of appeal.
        On 
October 1, 2004, we sent Bevers a letter explaining our concern that we lacked 
jurisdiction over his appeal and that we have no jurisdiction to grant an 
out-of-time appeal.  Our letter stated that a writ of habeas corpus from 
the Texas Court of Criminal Appeals is the appropriate means of seeking an 
out-of-time appeal.  We also informed him that the appeal would be 
dismissed for want of jurisdiction unless he or any party desiring to continue 
the appeal filed on or before October 11, 2004, a response showing grounds for 
continuation of the appeal.  See Tex. R. App. P. 44.3.
        On 
October 11, 2004, Bevers responded that he did not get notice of the trial 
court’s February 11, 2003 denial of his motion for DNA testing until September 
8, 2004.  He relies on Texas Rule of Civil Procedure 306a(4) for his claim 
that the appellate time table should run from the date he discovered the trial 
court’s denial.  However, that rule applies only to civil cases; thus, 
Bevers cannot take advantage of it. Cf. Barnes v. Tex. Dep’t of Criminal 
Justice, No. 14-02-00801-CV, 2002 WL 31127502, at *1 (Tex. App.—Houston 
[14th Dist.] Sept. 26, 2002, no pet.) (memo op.) (not designated for 
publication) (holding that appellant is not entitled to benefits of extended 
time periods provided for in rule 306a(4) where appellant did not comply with 
rule 306a(5)).  Bevers also relies on Texas Rules of Appellate Procedure 
44.4(a)(1) and 44.4(b); however, these rules apply only where the trial court 
has committed an erroneous action, and we find none.
        The 
rules of appellate procedure set out rules that must be followed to invoke this 
court’s jurisdiction over an appeal.  White v. State, 61 S.W.3d 
424, 428-29 (Tex. Crim. App. 2001).  If the jurisdiction of a court of 
appeals is not properly invoked, the power of the appellate court to act is as 
absent as if it did not exist.  Id.  Appellate jurisdiction is 
invoked by giving timely and proper notice of appeal.  Id.
        Here, 
Bevers did not attempt to invoke our jurisdiction until more than eighteen 
months after the trial court denied his motion for DNA testing.  Therefore, 
we do not have jurisdiction over this appeal.  See Slaton v. State, 
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).
        Absent 
appellate jurisdiction, we can take no action other than to dismiss the 
appeal.  See id.; Olivo v. State, 918 S.W.2d 519, 523, 525 
(Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want of 
jurisdiction.
  
  
                                                          PER 
CURIAM
  
  
PANEL 
D:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 12, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.