

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00247-CR

JEFFERY LEE MANNS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1213452D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jeffery Lee Manns attempts to appeal from the denial of his motion for DNA testing. The trial court entered its order denying the motion on March 13, 2015. Appellant's notice of appeal was therefore due on April 13, 2015. *See* Tex. R. App. P. 26.2(a)(1). Appellant mailed his notice of appeal on or about July 2, 2015, which was received by the trial court on July 15, 2015.

---

[1]*See* Tex. R. App. P. 47.4.

On July 24, 2015, we notified Appellant of our concern that we lacked jurisdiction over this appeal. We stated that unless any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, the appeal may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3. Appellant and his counsel filed responses, but they do not show grounds for continuing the appeal.

Appellant states that he did not receive notice of the trial court's order until June 9, 2015, and that he filed his notice of appeal within thirty days of that notice. The rules of appellate procedure set out rules that must be followed to invoke this court's jurisdiction over an appeal. *White v. State*, 61 S.W.3d 424, 428–29 (Tex. Crim. App. 2001). If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist. *Id.* Appellate jurisdiction is invoked by giving timely and proper notice of appeal. *Id.* Although Appellant may not have received timely notice of the trial court's order, we cannot suspend the rules of appellate procedure to extend the time for filing a notice of appeal. *See Slaton v. State*, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998). Because Appellant did not timely file his notice of appeal, we have no jurisdiction over this appeal. *See id.*

Absent appellate jurisdiction, we can take no action other than to dismiss the appeal. *See id.*; *see also Bevers v. State*, No. 02-04-00464-CR, 2004 WL 2568099, at *1 (Tex. App.—Fort Worth Nov. 12, 2004, no pet.) (mem. op., not designated for publication) (dismissing untimely appeal and noting that a writ of

2

habeas corpus from the Texas Court of Criminal Appeals is the appropriate means of seeking an out-of-time appeal).  Accordingly, we dismiss this appeal for want of jurisdiction.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 8, 2015