Dismissed and Opinion filed February 6, 2003









Dismissed and Opinion filed February 6, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01298-CR

____________

 

HEATH
WADE COMMANDER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 232nd District Court

Harris
County, Texas

Trial
Court Cause No. 890,927

 



 

M
E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of
aggravated sexual assault of a child.  On
October 28, 2002, the trial court sentenced appellant to confinement for 25
years in the Institutional Division of the Texas Department of Criminal
Justice.  Appellant filed a pro se notice
of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by
presenting a professional evaluation of the record demonstrating why there are
no arguable grounds to be advanced.  See
High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978).

Our review of the record indicates that we have no
jurisdiction over this appeal.  To invoke
an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App.
2001).  Appellant filed a timely general
notice of appeal that did not comply with the requirements of Rule 25.2(b)(3)
of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness
of the plea.  See Cooper v. State,
45 S.W.2d 77, 83 (Tex. Crim. App. 2001) (holding that
appellant who files general notice of appeal may not appeal voluntariness
of negotiated plea).[1]  

Accordingly, we dismiss the appeal for want of
jurisdiction.  

 

PER CURIAM

 

Judgment rendered and Opinion
filed February 6, 2003.

Panel consists of Justices
Anderson, Seymore, and Guzman. 

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  The notice of appeal in this case was filed prior to
the amendments to the Texas Rules of Appellate Procedure effective January 1,
2003.