In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-187 CR


____________________



LITTLEJOHN GROGAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 78400






MEMORANDUM OPINION


 Littlejohn Grogan entered a guilty plea in Cause No. 78400 to the state jail felony
offense of theft. Tex. Pen. Code Ann. § 31.03 (a), (e)(4) (Vernon 2003). Following a
plea bargain agreement between Grogan and the State, the trial court deferred adjudication
of guilt, then placed Grogan on community supervision for five years and fined him $500. 
In a subsequent hearing, the trial court found that Grogan violated the terms of the
community supervision order. The trial court assessed punishment at two years of
confinement in the Texas Department of Criminal Justice, State Jail Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On November 21, 2002, we
granted Grogan an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 The notice of appeal filed by Grogan failed to invoke our appellate jurisdiction to
review issues relating to his conviction. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001). (1) Although a general notice of appeal invokes our jurisdiction to
consider issues relating to the process by which Grogan was punished, no error relating
to punishment was preserved. Vidaurri v. State, 49 S.W.3d 880, 883, 885 (Tex. Crim.
App. 2001). 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgment is AFFIRMED. 

 PER CURIAM

Submitted on March 26, 2003 

Opinion Delivered April 2, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. For appeals commenced before January 1, 2003, in a plea-bargained, felony case,
the notice of appeal must specify that the appeal is for a jurisdictional defect, specify that
the substance of the appeal was raised by written motion and ruled on before trial, or state
the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).