Opinion issued May 1, 2003








    
 





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00257-CR




DAVID LEE BROWN, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 886,169




MEMORANDUM OPINION

          Appellant, David Lee Brown, Jr., pled guilty to the offense of possession of a
firearm by a felon.


 In accordance with the terms of the plea agreement, the trial court
sentenced appellant to three years’ confinement. In its briefing, the State contends
that appellant failed to comply with former Rule of Appellate Procedure 25.2(b)(3). 
We agree. Accordingly, we dismiss for lack of jurisdiction.
          Rule of Appellate Procedure 25.2(b) was amended to delete the provisions of
subsection (b)(3), effective January 1, 2003. Because appellant’s notice of appeal
was filed before January 1, 2003, we apply former Rule 25.2(b)(3). Under former
Rule 25.2(b)(3), when, as here, an appellant was convicted pursuant to the terms of
a plea bargain, his notice of appeal had to state that the appeal was for a jurisdictional
defect, a matter raised by written motion and ruled on before trial, or that the trial
court gave permission to appeal. See Tex. R. App. P. 25.2(b)(3), 948-949 S.W.2d
(Tex. Cases) XLI, XCVI (Tex. Crim. App. 1997, amended effective January 1, 2003). 
          In three issues, appellant complains that (1) the trial court’s judgment is void
because appellant is not a convicted felon; (2) the evidence was legally insufficient
to support the judgment; and (3) “appellant was actually innocent of the crime of
which he was convicted.” Appellant’s first issue—that the trial court’s judgment is
void—can be construed as a jurisdictional challenge. However, appellant’s notice of
appeal failed to state that the appeal was for a jurisdictional defect.


 The Court of
Criminal Appeals has held that in a plea-bargained, felony case, such as this one, even
to raise a jurisdictional defect, the appellant must first comply with former Rule
25.2(b)(3) to invoke our appellate jurisdiction over the appeal. White v. State, 61
S.W.3d 424, 427-29 (Tex. Crim. App. 2001). Because appellant’s notice of appeal
does not comply with the requirements of former Rule 25.2(b)(3), we are without
jurisdiction to address the merits of appellant’s claims.


 
          All three of appellant’s issues, which challenge his conviction for possession
of a firearm by a felon, are based on his contention that he was previously convicted
of a misdemeanor, not a felony. Appellant does not dispute that his void-judgment
claim (i.e., jurisdictional-defect claim), as well as his claims of legal insufficiency of
the evidence and “actual innocence,” are unsupported by the appellate record. Rather,
in a motion, appellant requests this Court take judicial notice of documents from
another proceeding, which he contends establish his earlier conviction was a
misdemeanor. 
          We are unable to rule on appellant’s motion. Absent appellate jurisdiction, we
can take no action other than to dismiss the appeal.


 See Slaton v. State, 981 S.W.2d
208, 210 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996). 
 

          We dismiss the appeal for lack of jurisdiction.
 
 
                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).