COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO.
2-03-107-CR
 
KELSHON EUKI OLIVER           
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
           
    STATE
------------
FROM THE 213
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
On October 23, 2002, the court of criminal appeals issued an opinion granting
appellant Kelshon Euki Oliver's habeas corpus petition and allowing him to file
an out of time appeal. Ex Parte Oliver, No. 74,452 (Tex. Crim. App.
Oct. 23, 2002) (per curiam) (not designated for publication). The court stated
that:

 [f]or purposes of the Texas Rules of
 Appellate Procedure, all time limits shall be calculated as if the conviction
 had been entered on the day that the mandate of [the court] issues. We hold
 that [appellant], should he desire to prosecute an appeal, must take
 affirmative steps to see that notice of appeal is given within thirty days
 after the mandate of this Court has issued.

Id., slip. op. at 2. Mandate
issued on November 18, 2002.
       
On February 13, 2003, appellant filed a motion with this court to extend the
time to file a notice of appeal. On April 2, 2003, we sent appellant a letter
explaining our concern that we lacked jurisdiction over his appeal and informing
him that the appeal would be dismissed for want of jurisdiction unless he or any
party desiring to continue the appeal filed on or before April 14, 2003 a
response showing grounds for continuation of the appeal. See Tex. R.
App. P. 44.3. On April 10, 2003, we received a notice of appeal from appellant.
       
The rules of appellate procedure set out rules that must be followed in order to
invoke this court's jurisdiction over an appeal. White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001). If the jurisdiction of a court of
appeals is not properly invoked, the power of the appellate court to act is as
absent as if it did not exist. Id. Appellate jurisdiction is invoked by
giving timely and proper notice of appeal. Id.
       
Appellant's notice of appeal was due on or before December 18, 2002. We may
extend the time to file a notice of appeal if, within fifteen days after the
filing deadline, the appellant files a notice of appeal with the trial court and
files in this court a motion complying with rule 10.5(b). Tex. R. App. P.
10.5(b), 26.3. Appellant did neither. Accordingly, we do not have jurisdiction
over this appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim.
App. 1998).
       
Absent appellate jurisdiction, we can take no action other than to dismiss the
appeal. See id.; Olivo v. State, 918 S.W.2d 519, 523, 525
(Tex. Crim. App. 1996). Accordingly, we dismiss the appeal for want of
jurisdiction.
 
           
           
           
           
           
           
PER CURIAM
 
PANEL D: LIVINGSTON, DAUPHINOT, and
HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1. See Tex. R. App. P. 47.4.