OLIVER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-107-CR

KELSHON EUKI OLIVER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On October 23, 2002, the court of criminal appeals issued an opinion granting appellant Kelshon Euki Oliver’s habeas corpus petition and allowing him to file an out of time appeal.  
Ex Parte Oliver
, No. 74,452 (Tex. Crim. App. Oct. 23, 2002) (per curiam) (not designated for publication).  The court stated that:

[f]or purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been entered on the day that the mandate of [the court] issues.  We hold that [appellant], should he desire to prosecute an appeal, must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this Court has issued.

Id
., slip. op. at 2.  Mandate issued on November 18, 2002.

On February 13, 2003, appellant filed a motion with this court to extend the time to file a notice of appeal.  On April 2, 2003, we sent appellant a letter explaining our concern that we lacked jurisdiction over his appeal and informing him that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed on or before April 14, 2003 a response showing grounds for continuation of the appeal. 
 See
 
Tex. R. App. P.
 44.3.  On April 10, 2003, we received a notice of appeal from appellant.

The rules of appellate procedure set out rules that must be followed in order to invoke this court’s jurisdiction over an appeal.  
White v. State
, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist.  
Id
.  Appellate jurisdiction is invoked by giving timely and proper notice of appeal. 
 Id.
 

Appellant’s notice of appeal was due on or before December 18, 2002.  We may extend the time to file a notice of appeal if, within fifteen days after the filing deadline, the appellant files a notice of appeal with the trial court and files in this court a motion complying with rule 10.5(b).  
Tex. R. App. P.
 10.5(b), 26.3.  Appellant did neither.  Accordingly, we do not have jurisdiction over this appeal.  
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Absent appellate jurisdiction, we can take no action other than to dismiss the appeal.  
See id.
; 
Olivo v. State,
 918 S.W.2d 519, 523, 525 (Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  May 22, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.