In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-365 CR


____________________



TIMOTHY JOEL LEBOUEF, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 72913






MEMORANDUM OPINION


 Timothy Joel LeBouef entered a guilty plea in Cause No. 72913 to the second
degree felony offense of sexual assault on a child. Tex. Pen. Code Ann. §
22.011(a)(2)(A),(f) (Vernon 2003). Following a plea bargain agreement between LeBouef
and the State, (1) the trial court deferred adjudication of guilt, then placed LeBouef on
community supervision for ten years and fined him $1500. In a subsequent hearing,
LeBouef pleaded true to allegations that he violated the terms of the community
supervision order. The trial court assessed punishment at five years of confinement in the
Texas Department of Criminal Justice, Institutional Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On March 20, 2003, we
granted LeBouef an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 The notice of appeal filed by LeBouef failed to invoke our appellate jurisdiction to
review issues relating to his conviction. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001). (2) Although a general notice of appeal invokes our jurisdiction to
consider issues relating to the process by which LeBouef was punished, no error relating
to punishment was preserved. Vidaurri v. State, 49 S.W.3d 880, 883, 885 (Tex. Crim.
App. 2001). 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgment is AFFIRMED. 


 PER CURIAM


Submitted on June 30, 2003

Opinion Delivered July 16, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The prosecutor's recommendation of a "10 year cap" appears on a document
titled "Unagreed Punishment Recommendations," but the records of the initial plea and
sentencing hearings demonstrate that the State and the defendant did, in fact, enter into a
plea bargain agreement regarding punishment. See Ditto v. State, 988 S.W.2d 236, 238-39 
(Tex. Crim. App.1999). 
2. For appeals commenced before January 1, 2003, in a plea-bargained, felony case,
the notice of appeal must specify that the appeal is for a jurisdictional defect, specify that
the substance of the appeal was raised by written motion and ruled on before trial, or state
the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).