Michael Edwin Mieth v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-333-CR

MICHAEL EDWIN MIETH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After pleading not guilty, Appellant Michael Edwin Mieth (“Mieth”) was convicted of driving while intoxicated.  Mieth pleaded true to the enhancement paragraph and a jury assessed his punishment at twenty-five years’ confinement.  The trial court signed a judgment on June 11, 2003.  Mieth did not file a motion for new trial, so his notice of appeal was due on July 11, 2003. 
Tex. R. App. P.
 26.2(a)(1).  Mieth filed his notice of appeal on July 22, 2003; thus, it was untimely.

On August 26, 2003, we sent Mieth a letter explaining our concern that we lacked jurisdiction over his appeal and informing him that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed on or before September 5, 2003, a response showing grounds for continuation of the appeal. 
 See
 
Tex. R. App. P.
 44.3.  On
 September 2, 2003, Mieth responded that he was on suicide watch from June 10, 2003 to July 14, 2003, for trying to take his life after the jury returned its verdict and was not allowed paper or pen during that time period.

The rules of appellate procedure set out rules that must be followed in order to invoke this court’s jurisdiction over an appeal.  
White v. State
, 61 S.W.3d 424, 427-28 (Tex. Crim. App. 2001).  If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist.  
Id
. at 428.  Appellate jurisdiction is invoked by giving timely and proper notice of appeal. 
 Id.
 

Appellant’s notice of appeal was due on or before July 11, 2003.  We may extend the time to file a notice of appeal if, within fifteen days after the filing deadline, the appellant files a notice of appeal with the trial court and files in this court a motion complying with rule 10.5(b).  
Tex. R. App. P.
 10.5(b), 26.3.  Appellant did not file a motion to extend the time to file his notice of appeal.  Accordingly, we do not have jurisdiction over this appeal.  
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Absent appellate jurisdiction, we have no choice to take any action other than dismissing the appeal.  
See id.
; 
Olivo v. State,
 918 S.W.2d 519, 523, 525 (Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: WALKER, J; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED: September 25, 2003

FOOTNOTES
1:
Tex. R. App. P
. 47.4