GRAVES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-329-CR

BYRON LAWRENCE GRAVES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL
 DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On March 28, 2003, the trial court entered a judgment sentencing appellant to seventy-seven years’ confinement and a fine of $10,000 following his conviction for aggravated robbery with a deadly weapon.  Appellant did not file a motion for new trial.  The trial court signed a certification of appellant’s right to appeal that same day.  
See
 
Tex. R. App. P.
 25.2(a)(2).  However, appellant did not file a notice of appeal until August 18, 2003.  

On August 22, 2003, we sent appellant a letter explaining our concern that we lacked jurisdiction over his appeal and informing him that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed on or before September 2, 2003 a response showing grounds for continuing the appeal. 
 See
 
Tex. R. App. P.
 44.3. We received no response.

The rules of appellate procedure set out rules that must be followed in order to invoke this court’s jurisdiction over an appeal.  
White v. State
, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist.  
Id
.  Appellate jurisdiction is invoked by giving timely and proper notice of appeal. 
 Id.
 

Appellant’s notice of appeal was due on or before April 28, 2003.  
See
 
Tex. R. App. P.
 26.2(a).  We may extend the time to file a notice of appeal if, within fifteen days after the filing deadline, the appellant files a notice of appeal with the trial court and files in this court a motion complying with rule 10.5(b).  
Tex. R. App. P.
 10.5(b), 26.3.  Appellant did neither.  Accordingly, we do not have jurisdiction over this appeal.  
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Absent appellate jurisdiction, we can take no action other than to dismiss the appeal.  
See id.
; 
Olivo v. State,
 918 S.W.2d 519, 523, 525 (Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED: September 25, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.