COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-03-329-CR

BYRON LAWRENCE GRAVES                                                  APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM CRIMINAL DISTRICT COURT NO. 4 OF 
TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        On March 28, 2003, the trial court entered a judgment sentencing 
appellant to seventy-seven years’ confinement and a fine of $10,000 following 
his conviction for aggravated robbery with a deadly weapon. Appellant did not 
file a motion for new trial. The trial court signed a certification of appellant’s 
right to appeal that same day. See Tex. R. App. P. 25.2(a)(2). However, 
appellant did not file a notice of appeal until August 18, 2003. 
        On August 22, 2003, we sent appellant a letter explaining our concern 
that we lacked jurisdiction over his appeal and informing him that the appeal 
would be dismissed for want of jurisdiction unless he or any party desiring to 
continue the appeal filed on or before September 2, 2003 a response showing 
grounds for continuing the appeal. See Tex. R. App. P. 44.3. We received no 
response.
        The rules of appellate procedure set out rules that must be followed in 
order to invoke this court’s jurisdiction over an appeal. White v. State, 61 
S.W.3d 424, 428 (Tex. Crim. App. 2001). If the jurisdiction of a court of 
appeals is not properly invoked, the power of the appellate court to act is as 
absent as if it did not exist. Id. Appellate jurisdiction is invoked by giving 
timely and proper notice of appeal. Id. 
        Appellant’s notice of appeal was due on or before April 28, 2003. See 
Tex. R. App. P. 26.2(a). We may extend the time to file a notice of appeal if, 
within fifteen days after the filing deadline, the appellant files a notice of appeal 
with the trial court and files in this court a motion complying with rule 10.5(b). 
Tex. R. App. P. 10.5(b), 26.3. Appellant did neither. Accordingly, we do not 
have jurisdiction over this appeal. See Slaton v. State, 981 S.W.2d 208, 210 
(Tex. Crim. App. 1998). 
        Absent appellate jurisdiction, we can take no action other than to dismiss 
the appeal. See id.; Olivo v. State, 918 S.W.2d 519, 523, 525 (Tex. Crim. 
App. 1996). Accordingly, we dismiss the appeal for want of jurisdiction. 
 
                                                                  PER CURIAM 
 
PANEL D:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: September 25, 2003