COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-374-CR
 
CHARLES CLIFFORD BAILEY                                                   APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        After pleading not guilty, Appellant Charles Clifford Bailey (“Bailey”) was 
convicted of indecency with a child. The jury assessed punishment at three 
years’ confinement. The judgment was entered on July 7, 2003. 
 

 Bailey filed 
an untimely motion for new trial on August 8, 2003. His notice of appeal was
due on August 6, 2003. See Tex. R. App. P. 26.2(a)(1). Bailey filed his notice
of appeal on September 10, 2003; thus, it was untimely.
        On September 23, 2003, we sent Bailey a letter explaining our concern 
that we lacked jurisdiction over his appeal and informing him that the appeal 
would be dismissed for want of jurisdiction unless he or any party desiring to 
continue the appeal filed on or before October 3, 2003, a response showing 
grounds for continuation of the appeal. See Tex. R. App. P. 44.3. As of this 
date, no response has been received. 
        The rules of appellate procedure set out rules that must be followed in 
order to invoke this court’s jurisdiction over an appeal. White v. State, 61 
S.W.3d 424, 428 (Tex. Crim. App. 2001). If the jurisdiction of a court of 
appeals is not properly invoked, the power of the appellate court to act is as 
absent as if it did not exist. Id. Appellate jurisdiction is invoked by giving 
timely and proper notice of appeal. Id. 
        Appellant’s notice of appeal was due on or before August 6, 2003. We 
may extend the time to file a notice of appeal if, within fifteen days after the 
filing deadline, the appellant files a notice of appeal with the trial court and files 
in this court a motion complying with rule 10.5(b). Tex. R. App. P. 10.5(b), 
26.3. Appellant did not comply with the latter provision by filing a motion to 
extend time to file. Accordingly, we do not have jurisdiction over this appeal. 
See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
        Absent appellate jurisdiction, we can take no action other than to dismiss 
the appeal. See id.; Olivo v. State, 918 S.W.2d 519, 523, 525 (Tex. Crim. 
App. 1996). Accordingly, we dismiss the appeal for want of jurisdiction. 
 
 
                                                                  PER CURIAM 
PANEL D:   WALKER, J.; CAYCE, C.J.; and DAY, J. 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 30, 2003