Charles Clifford Bailey v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-374-CR

CHARLES CLIFFORD BAILEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After pleading not guilty, Appellant Charles Clifford Bailey (“Bailey”) was convicted of indecency with a child.  The jury assessed punishment at three years’ confinement.  The judgment was entered on July 7, 2003.
(footnote: 2)  Bailey filed an untimely motion for new trial on August 8, 2003.  His notice of appeal was due on August 6, 2003.  
See
 
Tex. R. App. P.
 26.2(a)(1).  Bailey filed his notice of appeal on September 10, 2003; thus, it was untimely.

On September 23, 2003, we sent Bailey a letter explaining our concern that we lacked jurisdiction over his appeal and informing him that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed on or before October 3, 2003, a response showing grounds for continuation of the appeal. 
 See
 
Tex. R. App. P.
 44.3. As of this date, no response has been received.

The rules of appellate procedure set out rules that must be followed in order to invoke this court’s jurisdiction over an appeal.  
White v. State
, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist.  
Id
.  Appellate jurisdiction is invoked by giving timely and proper notice of appeal. 
 Id.
 

Appellant’s notice of appeal was due on or before August 6, 2003.  We may extend the time to file a notice of appeal if, within fifteen days after the filing deadline, the appellant files a notice of appeal with the trial court and files in this court a motion complying with rule 10.5(b).  
Tex. R. App. P.
 10.5(b), 26.3.  Appellant did not comply with the latter provision by filing a motion to extend time to file.  Accordingly, we do not have jurisdiction over this appeal. 
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Absent appellate jurisdiction, we can take no action other than to dismiss the appeal.  
See id.
; 
Olivo v. State,
 918 S.W.2d 519, 523, 525 (Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: October 30, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
We note that there is some discrepancy as to when the judgment was signed.  The document entitled “Judgment on Jury Verdict of Guilty Punishment Probated by Court or Jury” states on one line that the “Date of Judgment” is July 2, 2003; however, the “Date to Commence” and the “Date Signed” both say July 7, 2003.  We calculated our appellate timetable based on the July 7, 2003 date.