Lanny Gene Bevers, Jr. v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-464-CR

LANNY GENE BEVERS, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Lanny Gene Bevers, Jr. appeals from the denial of his motion for DNA testing.  The trial court entered its order denying his motion for DNA testing on February 11, 2003.  Therefore, Bevers’s notice of appeal was due on March 13, 2003.  
See
 
Tex. R. App. P.
 26.2(a)(1).  On September 15, 2004, Bevers filed an out-of-time motion to extend the time to file a notice of appeal.

On October 1, 2004, we sent Bevers a letter explaining our concern that we lacked jurisdiction over his appeal and that we have no jurisdiction to grant an out-of-time appeal.  Our letter stated that a writ of habeas corpus from the Texas Court of Criminal Appeals is the appropriate means of seeking an out-of-time appeal.  We also informed him that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed on or before October 11, 2004, a response showing grounds for continuation of the appeal. 
 See
 
Tex. R. App. P.
 44.3.

On
 October 11, 2004
, Bevers responded that he did not get notice of the trial court’s February 11, 2003 denial of his motion for DNA testing until September 8, 2004.  He relies on Texas Rule of Civil Procedure 306a(4) for his claim that the appellate time table should run from the date he discovered the trial court’s denial.  However, that rule applies only to civil cases; thus, Bevers cannot take advantage of it.  
Cf. Barnes v. Tex. Dep’t of Criminal Justice
, No. 14-02-00801-CV, 2002 WL 31127502, at *1 (Tex. App.—Houston [14th Dist.] Sept. 26, 2002, no pet.) (memo op.) (not designated for publication)  (holding that appellant is not entitled to benefits of extended time periods provided for in rule 306a(4) where appellant did not comply with rule 306a(5)).  Bevers also relies on Texas Rules of Appellate Procedure 44.4(a)(1) and 44.4(b); however, these rules apply only where the trial court has committed an erroneous action, and we find none.

The rules of appellate procedure set out rules that must be followed to invoke this court’s jurisdiction over an appeal.  
White v. State
, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001).  If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist.  
Id
.  Appellate jurisdiction is invoked by giving timely and proper notice of appeal. 
 Id.
 

Here, Bevers did not attempt to invoke our jurisdiction until more than eighteen months after the trial court denied his motion for DNA testing.  Therefore, we do not have jurisdiction over this appeal.  
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Absent appellate jurisdiction, we can take no action other than to dismiss the appeal.  
See id.
; 
Olivo v. State,
 918 S.W.2d 519, 523, 525 (Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.