COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-413-CR

 

 

RICHARD THEODORE THARPE, JR.                                        APPELLANT

A/K/A RICHARD T. THARPE

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 








Appellant Richard Theodore Tharpe, Jr. a/k/a Richard
T. Tharpe attempts to appeal a judgment placing him on deferred adjudication
for possession with intent to deliver a controlled substance of four grams or
more, but less than two hundred grams, of cocaine.  On June 26, 2006, the trial court signed a
certification of Tharpe=s right to appeal, which was
also signed by Tharpe and his attorney.  See
Tex. R. App. P.
25.2(a)(2).  The certification states
that this criminal case Ais a plea-bargain case, and the
defendant has NO right of appeal.@  Tharpe nonetheless filed a pro se
notice of appeal on November 20, 2006.

On December 1, 2006, we sent Tharpe a
letter explaining our concern that we might not have jurisdiction over his
appeal because his notice of appeal was due July 26, 2006, but was not filed
until November 20, 2006.  Our letter also
informed Tharpe that we had received the trial court=s certification of
his right to appeal indicating that no right to appeal exists because this is a
plea-bargain case.  We informed Tharpe
that his appeal would be dismissed for want of jurisdiction unless he or any
party desiring to continue the appeal filed on or before December 11, 2006, a
response showing grounds for continuation of the appeal.  See Tex.
R. App. P. 25.2(d), 44.3.  On
December 11, 2006, we received a AContinuance For
Notice Of Appeal@ from Tharpe.  Tharpe=s AContinuance For
Notice of Appeal@ states only that he was unaware his
notice of appeal was untimely until so informed by our court. 








The rules of appellate procedure set out rules that must be
followed in order to invoke this court=s jurisdiction
over an appeal.  White v. State,
61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 
If the jurisdiction of a court of appeals is not properly invoked, the
power of the appellate court to act is as absent as if it did not exist.  Id. 
Appellate jurisdiction is invoked by giving timely and proper notice of
appeal.  Id. 

Tharpe=s notice of appeal
was due on or before July 26, 2006.  We
may extend the time to file a notice of appeal if, within fifteen days after
the filing deadline, a motion to extend the time to file notice of appeal is
filed.  Tex.
R. App. P. 10.5(b)(2), 26.3. 
Tharpe did not comply with the latter provision by filing a timely
motion to extend the time to file his notice of appeal.  Accordingly, we deny Tharpe=s untimely AContinuance For
Notice Of Appeal.@

Because the trial
court certified that Tharpe possesses no right of appeal and because Tharpe
failed to file a timely notice of appeal or a timely motion to extend the time
for filing his notice of appeal, we hold that we do not have jurisdiction over
this appeal.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Absent appellate jurisdiction, we can take no action other than to
dismiss the appeal.  See id.; Olivo
v. State, 918 S.W.2d 519, 523, 525 (Tex. Crim. App. 1996).  Accordingly, we dismiss this appeal for want
of jurisdiction.

 

PER
CURIAM

PANEL
D:  WALKER, J.; CAYCE, C.J.; and MCCOY,
J.      

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 11, 2007











[1]See Tex. R. App. P. 47.4.