COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-441-CR

EZEQUIEL TREJO MORALES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ezequiel Trejo Morales, pro se, appeals from the denial of his motion for DNA testing.  The trial court entered its order denying his motion for DNA testing on September 7, 2006.
(footnote: 2)  Therefore, Morales’s notice of appeal was due on October 9, 2006, but was not filed until December 11, 2006
.  
See
 
Tex. R. App. P.
 26.2(a)(1).

On December 22, 2006, we sent Morales a letter explaining our concern that we lacked jurisdiction over his appeal.  Our letter stated that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed on or before January 2, 2007, a response showing grounds for continuation of the appeal. 
 See
 
Tex. R. App. P.
 44.3.
  We have received no response.

The rules of appellate procedure set out rules that must be followed to invoke this court’s jurisdiction over an appeal.  
White v. State
, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001).  If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist.  
Id
.  Appellate jurisdiction is invoked by giving timely and proper notice of appeal. 
 Id.
 

Here, Morales did not give timely notice of appeal; thus, we do not have jurisdiction over his appeal.  Absent appellate jurisdiction, we can take no action other than to dismiss the appeal.  
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998)
; 
Olivo v. State,
 918 S.W.2d 519, 523, 525 (Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: WALKER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

Delivered: February 1, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court’s order denying Morales’s motion for DNA testing stated, “Let it be remembered that DNA testing was done in this case & presented at trial.  Therefore, the Court is of the opinion that said Motion should be DENIED.”