COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-441-CR

 

 

EZEQUIEL TREJO MORALES                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE
158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Ezequiel Trejo Morales, pro se, appeals
from the denial of his motion for DNA testing. 
The trial court entered its order denying his motion for DNA testing on
September 7, 2006.[2]  Therefore, Morales=s notice
of appeal was due on October 9, 2006, but was not filed until December 11,
2006.  See Tex. R. App. P. 26.2(a)(1).








On December 22, 2006, we sent Morales a letter
explaining our concern that we lacked jurisdiction over his appeal.  Our letter stated that the appeal would be
dismissed for want of jurisdiction unless he or any party desiring to continue
the appeal filed on or before January 2, 2007, a response showing grounds for
continuation of the appeal.  See Tex. R. App. P. 44.3.  We have received no response.

The rules of appellate procedure set out rules that must be
followed to invoke this court=s jurisdiction
over an appeal.  White v. State,
61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001). 
If the jurisdiction of a court of appeals is not properly invoked, the
power of the appellate court to act is as absent as if it did not exist.  Id. 
Appellate jurisdiction is invoked by giving timely and proper notice of
appeal.  Id. 

Here, Morales did not give timely notice of appeal; thus,
we do not have jurisdiction over his appeal. 
Absent appellate jurisdiction, we can take no action other than to
dismiss the appeal.  See Slaton v.
State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State,
918 S.W.2d 519, 523, 525 (Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want
of jurisdiction.

 

PER CURIAM

PANEL D:   WALKER, DAUPHINOT, and
GARDNER, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 








Delivered: February 1, 2007











[1]See Tex. R. App. P. 47.4.





[2]The trial court=s order denying Morales=s motion for DNA testing
stated, ALet it be remembered that
DNA testing was done in this case & presented at trial.  Therefore, the Court is of the opinion that
said Motion should be DENIED.@