COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-412-CR

 

 

DANIEL KEITH BROWN                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Daniel Keith Brown
attempts to appeal his conviction for injury to a child with intent to cause
bodily injury.  In accordance with a plea
bargain, the trial court sentenced Brown to two years= deferred adjudication community supervision.[2]  The trial court imposed Brown=s sentence on September 29, 2008. 
Brown did not file a motion for new trial, so his notice of appeal was
due October 29, 2008, but was filed November 10, 2008.[3]  See Tex. R. App. P. 26.2(a) (requiring
that notice of appeal be filed within thirty days after the day sentence is
imposed or within ninety days after the day sentence is imposed if the
defendant files a timely motion for new trial).

On November 14, 2008, we
notified Brown=s trial
counsel of the apparent untimeliness of the notice of appeal and stated that we
would dismiss the appeal unless we received a response showing grounds for
continuing the appeal.  See Tex.
R. App. P. 44.3.  Brown=s counsel responded with a AMotion to Withdraw as Counsel.@  The motion did not address our
November 14, 2008 letter.








A notice of appeal that
complies with the requirements of rule 26 is essential to vest this court with
jurisdiction.  See Tex. R. App. P.
26.2(a); Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998).  The Texas Court of Criminal
Appeals has expressly held that, without a timely filed notice of appeal or
motion for extension of time, we cannot exercise jurisdiction over an
appeal.  See Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996); see also Slaton, 981 S.W.2d at
210.  Because Brown did not timely file
his notice of appeal, we do not have jurisdiction over this appeal.  See Olivo, 918 S.W.2d at 522.

Moreover, if the jurisdiction
of a court of appeals is not properly invoked, the power of the appellate court
to act is as absent as if it did not exist. 
White v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Therefore, because we have no jurisdiction
over this appeal, we do not consider Brown=s counsel=s AMotion to Withdraw as Counsel.@  See id.; Jackson v.
State, No. 07-02-00283-CR, 2004 WL 66773, at *2 (Tex. App.CAmarillo Jan. 15, 2004, no pet.) (mem. op., not designated for
publication).  Accordingly, we dismiss
the appeal for want of jurisdiction.  See
Tex. R. App. P. 43.2(f).

 

PER CURIAM

PANEL: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
December 23, 2008











[1]See Tex.
R. App. P. 47.4.





[2]The
trial court=s
certification of Brown=s
right to appeal states that this Ais a plea-bargain case, and
the defendant has NO right of appeal.@  





[3]Brown
filed a pro se notice of appeal.