

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

## NO. 2-08-412-CR

---

DANIEL KEITH BROWN                                        APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Daniel Keith Brown attempts to appeal his conviction for injury to a child with intent to cause bodily injury. In accordance with a plea bargain, the trial court sentenced Brown to two years' deferred adjudication community supervision.[2] The trial court imposed Brown's sentence on September 29,

---

[1] *See* Tex. R. App. P. 47.4.

[2] The trial court's certification of Brown's right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal."

2008.  Brown did not file a motion for new trial, so his notice of appeal was due October 29, 2008, but was filed November 10, 2008.[3]  *See* Tex. R. App. P. 26.2(a) (requiring that notice of appeal be filed within thirty days after the day sentence is imposed or within ninety days after the day sentence is imposed if the defendant files a timely motion for new trial).

On November 14, 2008, we notified Brown's trial counsel of the apparent untimeliness of the notice of appeal and stated that we would dismiss the appeal unless we received a response showing grounds for continuing the appeal.  *See* Tex. R. App. P. 44.3.  Brown's counsel responded with a "Motion to Withdraw as Counsel."  The motion did not address our November 14, 2008 letter.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.  *See* Tex. R. App. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.  *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d at 210.  Because Brown did not timely file his

---

[3] Brown filed a pro se notice of appeal.

notice of appeal, we do not have jurisdiction over this appeal. *See Olivo*, 918 S.W.2d at 522.

Moreover, if the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist. *White v. State*, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001). Therefore, because we have no jurisdiction over this appeal, we do not consider Brown's counsel's "Motion to Withdraw as Counsel." *See id*.; *Jackson v. State*, No. 07-02-00283-CR, 2004 WL 66773, at *2 (Tex. App.—Amarillo Jan. 15, 2004, no pet.) (mem. op., not designated for publication). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2008