

# MEMORANDUM OPINION

No. 04-12-00304-CR

Gary A. **CAMPBELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-2859
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:      Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  July 5, 2012

DISMISSED FOR LACK OF JURISDICTION

Gary Campbell pled no contest to a felony and on August 4, 2008, the trial court sentenced him in accordance with the terms of his plea bargain agreement. Campbell did not file a motion for new trial. The deadline for filing a notice of appeal was therefore September 3, 2008. *See* TEX. R. APP. P. 26.2(a)(1). Campbell filed his notice of appeal in the trial court on May 15, 2012.

We subsequently issued an order advising Campbell that his notice of appeal appeared to be untimely and directing him to show cause in writing why this appeal should not be dismissed for want of jurisdiction. Both Campbell and his court-appointed attorney responded; the responses, however, fail to state a basis on which this court may accept jurisdiction of the appeal.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals,* 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Moreover, the notice of appeal fails to specify one of the allowable bases for appealing a plea-bargained felony conviction and thus fails to comply with Rule 25.2 of the Texas Rules of Appellate Procedure. The court would therefore have no jurisdiction over the appeal even if the notice of appeal had been timely filed. *See* TEX. R. APP. P. 25.2(a)(2), (d); *White v. State,* 61 S.W.3d 424 (Tex. Crim. App. 2001). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH